IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01544-GPG

PAUL A . MITCHELL,

      Plaintiff,

v.

BOYD N. BOLAND,
CRAIG B. SHAFFER,
GREGORY A. EURICH,
WILLIAM V. ALLEN,
DEREK C. BLASS, and
APRIL M. MCMURREY,

      Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Paul A. Mitchell, has filed *pro se* a Complaint (ECF No. 1).  The Court must construe the Complaint liberally because Mr. Mitchell is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Mitchell has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Therefore, the Court must dismiss the action if Mr. Mitchell's claims are

frivolous or malicious or seek damages from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i) & (iii).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  The Court will dismiss the action pursuant to § 1915(e)(2)(B)(i) & (iii).

The Court begins with a brief summary of Mr. Mitchell's prior cases in the District of Colorado because his claims in this action are related to the prior cases.  The Court may take judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

In *Mitchell v. Rocky Mountain Cancer Centers, LLP*, No. 07-cv-01479-BNB-MJW (D. Colo. Aug. 28, 2008), Mr. Mitchell asserted employment discrimination claims against his former employer.  Magistrate Judge Boyd N. Boland, exercising consent jurisdiction, dismissed all of Mr. Mitchell's claims.

In *Mitchell v. Hara*, No. 07-cv-2637-ZLW (D. Colo. Mar. 4, 2008), Mr. Mitchell challenged the suspension of his Colorado medical license in an action pursuant to 42 U.S.C. § 1983.  Judge Zita L. Weinshienk dismissed Mr. Mitchell's claims on immunity grounds.

In a second action captioned *Mitchell v. Hara*, No. 08-cv-1388-ZLW (D. Colo. July 24, 2008), Mr. Mitchell again asserted claims pursuant to § 1983 challenging the suspension of his Colorado medical license.  Judge Weinshienk dismissed Mr. Mitchell's claims against the state actors on immunity grounds and determined he could not pursue his § 1983 claims against another defendant that was not a state actor.

2

Seven years later in *Mitchell v. McGovern*, No. 15-cv-00374-LTB (D. Colo. Mar. 20, 2015), Mr. Mitchell again challenged the suspension of his Colorado medical license as well as the failure to reinstate his medical license in 2014.  The Court dismissed the action as legally frivolous and malicious.  Mr. Mitchell appealed and the United States Court of Appeals for the Tenth Circuit dismissed the appeal as frivolous.  *See Mitchell v. McGovern*, No. 15-1109 (10th Cir. July 16, 2015).

In a second action captioned *Mitchell v. McGovern*, No. 15-cv-00559-CMA-CBS (D. Colo. filed Mar. 19, 2015), Mr. Mitchell again challenged the suspension of his Colorado medical license as well as the failure to reinstate his medical license in 2014. Case number 15-cv-00559-CMA-CBS remains pending.

In the instant action Mr. Mitchell asserts claims against Magistrate Judge Boland and Magistrate Judge Craig B. Shaffer based on orders they entered in Mr. Mitchell's prior cases.  Mr. Mitchell also is suing three attorneys, Gregory A. Eurich, William V. Allen, and Derek C. Blass, who have appeared as counsel for various Defendants in his prior cases.  The sixth and final defendant in this action is April M. McMurrey, assistant regulation counsel for the Colorado Supreme Court Office of Attorney Regulation Counsel.

Mr. Mitchell asserts sixteen claims for relief in the Complaint, fourteen of which are civil rights claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3).  He contends generally in these fourteen claims that Magistrate Judges Boland and Shaffer have violated his rights and discriminated against him because of his race by forging orders entered by other judicial officers, issuing adverse rulings, and conspiring with the other Defendants to violate his federal rights; that Defendants Eurich, Allen, and Blass have

conspired with Magistrate Judges Boland and Shaffer to discriminate against Mr.

Mitchell because of his race by using the forged orders as exhibits in subsequent

motions seeking dismissal of Mr. Mitchell's cases; and that Defendant McMurrey

discriminated against him because of his race by rejecting his request to investigate

Defendants Eurich, Allen, and Blass for attorney misconduct in connection with their

advocacy in his prior cases.  In the other two claims Mr. Mitchell asserts violations of

Colorado criminal statutes, alleging that Magistrate Judges Boland and Shaffer have

committed forgery and that Magistrate Judge Shaffer and Defendants Eurich, Allen, and

Blass have committed criminal possession of a forged instrument.

      The general rule that *pro se* pleadings must be construed liberally has limits and

"the court cannot take on the responsibility of serving as the litigant's attorney in

constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux &*

*Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  In other words, "[j]udges are not like pigs,

hunting for truffles buried in briefs."  *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.

1991).  "It is sufficient, and indeed all that is permissible, if the complaint concisely

states facts upon which relief can be granted upon any legally sustainable basis."  *New*

*Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  Vague and

conclusory allegations that his rights have been violated do not entitle a *pro se* pleader

to a day in court regardless of how liberally the pleadings are construed.  *See Ketchum*

*v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).

"[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true

only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*,

935 F.2d at 1110.

Mr. Mitchell's vague and conclusory allegations regarding racial discrimination, forged orders, and conspiracies motivated by racial discrimination do not support an arguable claim for relief against any Defendant in this action.  This is particularly true with respect to Mr. Mitchell's conspiracy claims, which are not supported by specific factual allegations showing agreement and concerted action among the defendants.  *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (per curiam) (affirming dismissal of § 1983 conspiracy claim "[b]ecause plaintiff failed to allege specific facts showing agreement and concerted action among defendants.").  Therefore, the claims are legally frivolous.

With the exception of his claim against Defendant McMurrey, Mr. Mitchell's claims also are malicious.  Filing a new civil action against judicial officers and opposing counsel is not an appropriate response to motions and adverse rulings in prior or pending cases.  Even assuming Mr. Mitchell could support his claims of racial discrimination with specific factual allegations, those arguments properly are raised by objection or appeal in the prior and pending cases.  Therefore, the Complaint also will be dismissed as malicious.

In addition, Mr. Mitchell's claims against Magistrate Judges Boland and Shaffer are barred by absolute judicial immunity.  Judges are absolutely immune from liability in civil rights suits for damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Mr. Mitchell does not allege any facts that demonstrate Magistrate Judges Boland and Shaffer acted outside the scope of their

5

absolute immunity with respect to their rulings in Mr. Mitchell's prior cases. Therefore, the claims for damages against Magistrate Judges Boland and Shaffer are barred by absolute judicial immunity and also must be dismissed for that reason. To the extent Mr. Mitchell is seeking relief other than damages with respect to his claims against Magistrate Judges Boland and Shaffer, the requested relief pertains to his other cases and may not be sought in this action. Furthermore, as Mr. Mitchell concedes, Magistrate Judge Boland has retired from the bench. With respect to past and future orders entered by Magistrate Judge Shaffer in case number 15-cv-00559-CMA-CBS, Mr. Mitchell may file objections or an appeal following entry of a final judgment in that action.

Mr. Mitchell also lacks standing to assert claims premised on alleged violations of Colorado criminal statutes. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

For these reasons, the Complaint will be dismissed pursuant to § 1915(e)(2)(b)(i) & (iii). The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Finally, the Court notes that "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."  *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted).  Thus, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances."  *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).  Mr. Mitchell is warned that the Court can and will impose appropriate sanctions if he persists in engaging in abusive litigation tactics by filing frivolous or malicious lawsuits.  Accordingly, it is

ORDERED that the Complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (iii).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that Plaintiff's Motion for Expedited Hearing and Preliminary Injunction (ECF No. 5) is denied.

DATED at Denver, Colorado, this __30th__ day of ____July_____, 2015.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court